Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| SANTOS MONTALVO RIVERA<br><br>Apelante<br><br>v.<br><br>LCDA. JANICE SOTO CARDONA; LCDO. ALEXANDER MORALES SOTO<br><br>Apelados | TA2026AP00487 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br>Caso Núm.: SS2025CV00740<br><br>Sobre: Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de mayo de 2026.

Comparece ante nos el señor Santos R. Montalvo Rivera, mediante un recurso de apelación, para solicitar la revisión de una *Sentencia* emitida el 27 de abril de 2026, y notificada el 29, del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de San Sebastián.[1] Mediante el referido dictamen, el foro primario desestimó la demanda de epígrafe con perjuicio.

Por los fundamentos que expondremos, se *confirma* la *Sentencia* apelada.

I.

Conviene iniciar este recuento procesal indicando que, para poder plasmarlo en esta sentencia, fue imperativo repasar todas las incidencias procesales en el SUMAC TPI en el caso de autos. Dicho lo anterior, el presente caso tuvo su génesis cuando, el 14 de octubre de 2025, el señor Santos R. Montalvo Rivera (apelante) instó por derecho propio una *Demanda sobre cobro de dinero* contra la Lcda.

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 11.

Jannet Soto Cardona y el Lcdo. Alexander Morales Soto (parte apelada).[2] De lo que se desprende de su pliego, alegó que la parte apelada le adeudaba la cantidad de doce millones de dólares ($12,000,000.00). Sostuvo que dicha cantidad correspondía a una demanda correspondiente al año 2019, en la cual se ordenó que se le pagasen diez millones de dólares ($10,000,000.00) y cuatrocientos dólares ($400.00) mensuales por concepto de rentas de unas propiedades. Manifestó que, posterior a ello, la parte apelada obtuvo una *Orden de Protección*[3] contra el apelante. A tenor, solicitó al foro primario que declarase *Con Lugar* la demanda y ordenase el pago de lo adeudado.

Luego de varias incidencias procesales innecesarias resumir, el 2 de noviembre de 2025, la parte apelada compareció mediante *Moción en solicitud de desestimación a tenor con la Regla 10.2 de Procedimiento Civil*.[4] En síntesis, además de reproducir las alegaciones de la demanda, adujo que la misma era irracional, incoherente y no permitía establecer una alegación que justificase la concesión de un remedio. A tenor, solicitó al foro primario que declarase *Ha Lugar* la desestimación solicitada a la luz de la Regla 10.2 de las de Procedimiento Civil.[5]

Dado lo anterior, el 24 de febrero de 2026, compareció el apelante mediante *Moción informativa por derecho propio*.[6]

De ahí, el 29 de abril de 2026, el foro primario emitió *Sentencia Final*.[7] En su dictamen, el tribunal de instancia incorporó por referencia los argumentos y el derecho esbozado en la solicitud de desestimación presentada por la parte apelada. A tenor, el tribunal de instancia declaró *Ha Lugar* la desestimación solicitada por la

---

[2] SUMAC TPI, a la Entrada Núm. 1.
[3] *Íd*, a la Entrada Núm.1, Anejo 4. Véase los alfanuméricos SS2025MU0297-1 y SS2025MU0297-2.
[4] SUMAC TPI, a la Entrada Núm. 7.
[5] 32 LPRA Ap. V, R. 10.2.
[6] SUMAC TPI, a la Entrada Núm. 9.
[7] *Íd.*, a la Entrada Núm. 11.

parte apelada. En consecuencia, desestimó la demanda de epígrafe, con perjuicio.

Inconforme, el 12 de mayo de 2026, el apelante compareció ante nos mediante un recurso de apelación. Una revisión de la totalidad del recurso demuestra claramente que el apelante no esgrimió ningún señalamiento de error, sino que, más bien reprodujo varias de las alegaciones que esgrimió en la demanda ante

Así las cosas, el 16 de mayo de 2026, compareció la parte apelada mediante *Solicitud de desestimación al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones.* En respuesta, mediante *Resolución* emitida el 18 de mayo de 2026, declaramos *No Ha Lugar* lo solicitado.

Luego, el 19 de mayo de 2026, compareció la parte apelada mediante *Alegato en oposición a apelación.* Con el beneficio de la comparecencia de ambas partes, procederemos a disponer del presente recurso.

II.

### A. La Desestimación al amparo de la Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial.[8] La moción de desestimación al amparo de esta regla es una defensa especial que formula el demandado para solicitar que se desestime la demanda presentada en su contra, incluso sin necesidad de formular una alegación previa.[9] En específico, la regla establece que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>
> (1) falta de jurisdicción sobre la materia;
>
> (2) falta de jurisdicción sobre la persona;

---

[8] 32 LPRA Ap. V, R. 10.2.
[9] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006).

(3) insuficiencia del emplazamiento;

(4) insuficiencia del diligenciamiento del emplazamiento;

(5) dejar de exponer una reclamación que justifique la concesión de un remedio;

(6) dejar de acumular una parte indispensable.[10]

Al atender a una moción de desestimación fundamentada en que la reclamación no justifica la concesión de un remedio, el juzgador de instancia deberá tomar por cierto todos los hechos bien alegados en la demanda, así como aquellos que hayan sido aseverados de manera clara, concluyente y que de su faz no den margen a dudas.[11] A su vez, deberá interpretar las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible para la parte demandante, para así determinar si la misma es suficiente para constituir una reclamación válida.[12] Ello, puesto a que, en nuestro ordenamiento jurídico, se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos.[13] A esos efectos, la desestimación únicamente procederá cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito, o que la parte demandante no tiene derecho a obtener algún remedio.[14]

III.

Aunque en el recurso de apelación ante nuestra consideración no se esgrimió señalamiento de error alguno, así como que hubo incumplimiento con nuestro Reglamento,[15] es nuestra obligación resolver si el tribunal de instancia se equivocó en su proceder al

---

[10] 32 LPRA Ap. V, R. 10.2.

[11] *González Méndez v. Acción Social et al*, 196 DPR 213, 234 (2016); *Accurate Sols. v. Heritage Enviroment,* 193 DPR 423, 433 (2015); *Colón v. Lotería,* 167 DPR 625, 649 (2006).

[12] *Torres, Torres v. Torres et al.,* 179 DPR 481, 501 (2010); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 505 (1994).

[13] *González Méndez v. Acción Social et al.,* supra, a la pág. 235.

[14] *Íd.*

[15] Regla 16 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025).

dictar la sentencia desestimatoria objeto de este recurso. La respuesta es que no. Veamos.

Según relatamos previamente, la controversia de marras inició cuando el apelante, mediante comparecencia por derecho propio, presentó una demanda sobre cobro de dinero. En síntesis, planteó escuetamente que la parte apelada le adeudaba la cantidad de doce millones de dólares ($12,000,000.00), así como cuatrocientos dólares ($400.00) mensuales en concepto de rentas de unas propiedades. Mientras que, la parte apelada, solicitó la desestimación del pleito por entender que el reclamo era irracional, incoherente y no permitía establecer una alegación que justificase la concesión de un remedio. Examinados los escritos, el tribunal emitió una *Sentencia Final,* mediante la cual desestimó la demanda con perjuicio, en virtud de la Regla 10.2 de Procedimiento Civil.[16]

Inconforme con lo resuelto por el foro primario, el señor Montalvo Rivera acudió ante nos, igualmente, por derecho propio. Como señalamos previamente, el recurso instado por el apelante adolece de múltiples deficiencias e incumple con las exigencias de nuestro Reglamento.[17] En particular, el apelante omitió incluir una relación concisa de los hechos; identificar sus señalamientos de error; exponer las disposiciones legales pertinentes a la controversia y hacer referencia a la sentencia recurrida, entre otras cosas.

Luego de evaluar el recurso presentado así como la totalidad de los autos ante el foro de instancia, amerita subrayar que, en nuestro ordenamiento jurídico, la persona que acude por derecho propio está sujeta a que se le impongan las mismas sanciones y consecuencias procesales que a los abogados.[18] Por otra parte, los tribunales no estamos obligados a ilustrar de las leyes y reglas a las

---

[16] 32 LPRA Ap. V, R. 10.2.
[17] Regla 16 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* supra, a la pág. 31.
[18] Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.4.

personas que acuden sin representación legal.[19] A esos efectos, el hecho de que el apelante acudió ante esta Curia por derecho propio, no excusa su incumplimiento con el Reglamento de este foro apelativo.

Por otro lado, es norma harta conocida que la moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil es una defensa especial que se puede presentar cuando la demanda deja de exponer una reclamación que justifique la concesión de un remedio.[20] Presentada esta moción, el juzgador debe tomar por cierto todos los hechos bien alegados en la demanda, así como los que han sido planteados de manera clara y que no den margen a dudas.[21] Igualmente, este deberá interpretar las alegaciones de la demanda de manera conjunta y de la forma más liberal posible para la parte demandante.[22]

Bajo ese marco, y luego del estudio de la totalidad del expediente ante nos y ante el foro de instancia, no nos es posible concluir que el tribunal apelado hubiese fallado al dictar la sentencia apelada. Abona a lo anterior la orfandad en argumentos por parte del apelante en su recurso. Dado a lo anterior, tampoco podemos concluir que su inconformidad con lo actuado por el tribunal de instancia sea razón suficiente como para intervenir con la sentencia dictada.

Dicho todo lo anterior y tras un examen minucioso, desapasionado y responsable de la totalidad de los autos ante nuestra consideración, así como el estudio de la totalidad de los autos ante foro de instancia, nos es forzoso confirmar la sentencia apelada.

---

[19] Regla 9.4 de Procedimiento Civil, *supra.*
[20] 32 LPRA Ap. V, 10.2.
[21] *González Méndez v. Acción Social et al*, supra, a la pág. 234; *Accurate Sols. v. Heritage Enviroment,* supra, a la pág. 433; *Colón v. Lotería*, supra, a la pág. 649.
[22] *Torres, Torres v. Torres et al.*, supra, a la pág. 501; *Pressure Vessels PR v. Empire Gas PR,* supra, a la pág. 505.

### III

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones